IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pure Fishing, Inc., | ) | C/A No.:3:10-cv-3117-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Redwing Tackle, Ltd., | ) | **PROTECTIVE** |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Plaintiff Pure Fishing's motion for a protective order (ECF No. 48) to prevent two depositions. The matter is fully briefed and the court heard oral argument from the parties on April 16, 2012. At the hearing, the court granted the motion and now supplements that ruling with this protective order preventing Defendant Redwing Tackle from taking the deposition of Julie C. VanDerZanden, Esquire, IP Counsel for Pure Fishing, and Lori Ocker, paralegal in the legal department of Jarden Corporation.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this court may issue protective orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Courts are particularly apt to issue protective orders where one party seeks to depose another party's counsel. Such a deposition is only appropriate in limited circumstances "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to

the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal citation omitted).  Because Defendant seeks to depose one of Plaintiff's attorneys, Defendant must carry this burden.

Defendant seeks to depose Ms. VanDerZanden and Ms. Ocker to discover information relevant to its counterclaim alleging fraud by Plaintiff on the United States Patent and Trademark Office (PTO), arguing that a Declaration of Use signed by Ms. VanDerZanden was false and submitted to the PTO with an intent to misled.  Plaintiff opposes the deposition of one its attorneys—albeit in-house counsel rather than trial counsel—and argues that the information upon which the attorney relied is available from numerous other sources.  Moreover, Plaintiff notes that Defendant could adequately prepare for its case with information from sources other than the testimony of VanDerZanden and Ocker.

The court finds that the defendant has not carried its burden.  Given the inherent dangers of deposing another party's counsel, allowing the depositions at issue would not be appropriate.  While some of the information Defendant seeks is not privileged, it is available from alternate sources.  As Plaintiff notes, the information concerning the use or non-use of the trademarks by the Plaintiff is available from numerous sources, including the affidavits and materials submitted in conjunction with this motion. Plaintiff has also addressed the basis of Ms. VanDerZanden's actions in its answers to Defendant's interrogatories.  The court is not persuaded by Defendant's arguments that the information submitted with the Declaration is false, and that, therefore, it may inquire into VanDerZanden's intent regarding the filing of that Declaration.

Accordingly, the court hereby grants Plaintiff's motion and issues this protective order preventing Defendant from taking the depositions of Julie C. VanDerZanden, IP Counsel for Pure Fishing, and Lori Ocker, paralegal in the legal department of Jarden Corporation.

IT IS SO ORDERED.

April 16, 2012                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge