IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pure Fishing, Inc., | ) | C/A No.: 3:10-cv-3117-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| Redwing Tackle, Ltd., | ) ) | |
| Defendant. | ) ) ) | |

This matter comes before the court on defendant's motion requesting the court to reconsider its order granting plaintiff's motion for Protective Order. (ECF No. 59) The court has reviewed defendant's motion, and, for the reasons that follow, the motion is denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."<u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471, 486 n.5 (2008) (internal quotation omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." <u>U.S. ex rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of

law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Defendant does not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

Defendant's motion to reconsider appears to be based largely on counsel's fear that a misunderstanding at oral argument may have misled the court as to defendant's position. After reviewing the present motion, it is apparent that the court did not misunderstand defense counsel's position. Additionally, to the extent the motion seeks to relitigate matters previously decided by the court, the motion is at odds with Baker and Westinghouse and is therefore inappropriate. For the foregoing reasons, defendant's motion for reconsideration is denied.

IT IS SO ORDERED.

April 24, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge