IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pure Fishing, Inc., | ) | C/A No.: 3:10-cv-3117-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Redwing Tackle, Ltd., | ) | **AMENDING** |
| | ) | **ORDER** |
| Defendant. | ) | |
| _____) | | |

The court issues this order to amend and supplement its prior order granting summary judgment in favor of Plaintiff Pure Fishing, Inc. (Pure Fishing) as to the claims Pure Fishing asserted in its Second Amended Complaint and as to Defendant Redwing Tackle, Ltd.'s (Redwing) counterclaim. In that order (ECF No. 86), the court found that Pure Fishing was entitled to a permanent injunction. In this order the court hereby issues an injunction, as outlined below, enjoining Redwing from the activities described. This order also expressly addresses whether the infringement finding includes the spider design mark in addition to the SPIDERWIRE mark.

I.  **Spider Design Mark**

The court amends its prior order to hold that use of a spider design mark infringes on Pure Fishing's registered mark in the spider design used on fishing line. Though much of the parties' argument, and this courts prior order, dealt expressly with the SPIDERWIRE mark and the likelihood of confusion with SPIDER THREAD, that argument necessarily implicated the spider design mark as well. Specifically, the court

determined that Pure Fishing had demonstrated as a matter of law that Redwing's SPIDER THREAD, which included a spider design, infringed on Pure Fishing's SPIDERWIRE mark. The evidence shows a likelihood of confusion between SPIDERWIRE and a similarly constructed mark such as SPIDER THREAD. Viewing the evidence in the light most favorable to Redwing, the court determines that the evidence also shows that the use of a design similar to Pure Fishing's spider design mark on fishing line also creates a likelihood of confusion. Additionally, the evidence shows that Pure Fishing has a valid and protected mark in the spider design. The use of a similar spider design, therefore, also infringes on Pure Fishing's protected mark in the spider design as used on fishing line.

## II.    Permanent Injunction

A permanent injunction is appropriate where a plaintiff has demonstrated "(1) that it suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1839 (2006). Generally, in the Fourth Circuit, the trademark owner is entitled to injunctive relief against an infringer because, "regardless of any potential injury to sales or to the mark itself, trademark infringement primarily represents an injury to reputation." *Lone Star Steakhouse & Saloon v. Alpha of Virginia*,

43 F.3d 922, 939 (4th Cir. 1995). The Fourth Circuit, therefore, holds that a permanent injunction may be granted without a specific hearing on the issue when there have already been findings on liability. *See Lone Star Steakhouse*, 43 F.3d at 939.

As set forth above, and in this court's prior order, the court holds that judgment should be entered in favor of Pure Fishing and that a permanent injunction is the appropriate form of relief. Pure Fishing will suffer irreparable harm if Redwing uses or continues to use its SPIDER THREAD mark on or in connection with fishing line, and Pure Fishing has no adequate remedy at law for such harm. A nationwide permanent injunction is proper and is hereby ordered as follows:

Redwing, its subsidiaries, officers, agents, directors, servants, employees, partners, assigns, successors, affiliated companies, and attorneys and all persons in active concert and participation with them, are hereby permanently restrained and enjoined from any of the following:

1. Using SPIDER THREAD on or in connection with fishing line;
2. Manufacturing, transporting or importing any fishing line goods bearing SPIDER THREAD;
3. Advertising, publicizing, distributing, offering for sale, or selling any fishing line goods bearing SPIDER THREAD;
4. Using SPIDERWIRE, or any element of Pure Fishing's SPIDERWIRE mark, including the design of a spider, or any mark, name, symbol, design, or logo that is a variation, counterfeit, copy or colorable imitation of Pure Fishing's

3

SPIDERWIRE or spider design marks, or which incorporates or is confusingly similar to Pure Fishing's SPIDERWIRE or spider design marks, on or in connection with fishing line;

5. Manufacturing, transporting or importing any fishing line goods bearing SPIDERWIRE, or any element of Pure Fishing's SPIDERWIRE mark, including the design of a spider, or any mark, name, symbol, design, or logo that is a variation, counterfeit, copy or colorable imitation of Pure Fishing's SPIDERWIRE or spider design marks, or which incorporates or is confusingly similar to Pure Fishing's SPIDERWIRE or spider design marks, on or in connection with fishing line;

6. Advertising, publicizing, distributing, offering for sale, or selling any fishing line goods bearing SPIDERWIRE, or any element of Pure Fishing's SPIDERWIRE mark, including the design of a spider, or any mark, name, symbol, design, or logo that is a variation, counterfeit, copy or colorable imitation of Pure Fishing's SPIDERWIRE or spider design marks, or which incorporates or is confusingly similar to Pure Fishing's SPIDERWIRE or spider design marks, on or in connection with fishing line.

Accordingly, it is ordered that judgment be entered in favor of Pure Fishing as outlined above. It is further ordered that the counterclaims of Defendant Redwing are dismissed with prejudice. The clerk is directed to enter the judgment and close the case.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 24, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge